UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, et. al.,

                        Plaintiffs,

            -against-

MENSCH MILLWORK CORP.,

                        Defendant.

1:23-cv-00478 (JLR)

**MEMORANDUM OPINION**
**AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

      On January 19, 2023, Plaintiffs Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City District Council of Carpenters Relief and Charity Fund, and the Carpenters Contractor Alliance of Metropolitan New York (the "Funds" or "Plaintiffs") commenced this action against Defendant Mensch Millwork Corp. ("Mensch" or "Defendant") to recover delinquent employer contributions and related relief pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"). *See* ECF No. 1 ("Compl.").

      After Defendant answered on February 22, 2023, *see* ECF No. 10 ("Ans."), Plaintiffs filed a motion to voluntarily dismiss the case on April 20, 2023, pursuant to Federal Rule of Civil Procedure ("Rule") 41(1)(2), *see* ECF No. 15. In support of their motion, Plaintiffs submitted a Declaration of Maura Moosnick on April 21, 2023. *See* ECF No. 18 ("Pl. Decl."). On May 3, 2023, Defendant filed a Declaration of Richard Kraslow, opposing the motion unless

1

fees and costs are awarded to Defendant as part of the dismissal. *See* ECF No. 19 ("Def. Decl."). Plaintiffs filed a reply Declaration of Maura Moosnick in further support of their motion and in opposition to Defendant's request for fees and costs. *See* ECF No. 20 ("Pl. Reply Decl."). For the following reasons, the Court grants Plaintiffs' motion to dismiss with prejudice and without fees or costs.

## BACKGROUND

In the Complaint, the Funds allege that Mensch was bound by a Collective Bargaining Agreement ("CBA") with the New York City District Council of Carpenters ("Union"). Compl. ¶ 8. The Funds contend that Mensch had certain obligations under the CBA, including making required contributions to the Funds. *See id.* ¶¶ 12-17. The Funds allege that they conducted an audit and assessed a deficiency of about $1.1 million that Mensch failed to pay. *See id.* ¶¶ 18-20. The Funds sought to recoup that deficiency and related relief. *See id.* ¶¶ 22-26. Mensch filed its Answer on February 22, 2023, denying liability. *See* Ans.

After the Answer was filed and before discovery commenced, the Funds determined that the more appropriate course of action was to assess withdrawal liability against Mensch under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), and they served a notice of withdrawal liability assessment on April 3, 2023. *See* Pl. Decl. ¶¶ 14-15. Because a withdrawal liability assessment is inconsistent with the present action, the Funds then filed the present motion to dismiss this case under Rule 41(a)(2). *See id.* ¶¶ 16-19.

The Funds are willing to dismiss their two claims in the Complaint with prejudice. *Id.* at 3 n.3, 5 n.4, ¶ 40; *see generally* Compl. ¶¶ 27-36. Mensch consents to the dismissal with prejudice if the Court enters as a condition of the dismissal that the Funds would bear Mensch's attorneys' fees and costs in the amount of $20,958.47 or provide for a reservation of Mensch's

right to pursue its counsel fees at a later date.  *See* Def. Decl. ¶ 23.  The Funds oppose Mensch's request for fees and costs.  *See* Pl. Decl. ¶ 41; Pl. Reply Decl. ¶ 33.

## LEGAL STANDARD

After a defendant files a responsive pleading, absent consent of all parties, Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  *Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 108 (2d Cir. 2018) (quoting Rule 41(a)(2)).  A plaintiff does not have a right to voluntarily dismiss under Rule 41(a)(2) – which, unless the order states otherwise, is without prejudice – but "the presumption in this [C]ircuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result."  *Simon J. Burchett Photography, Inc. v. A.P. Moller Maersk A/S*, No. 19-cv-01576 (KPF), 2020 WL 1285511, at *1 (S.D.N.Y. Mar. 17, 2020) (quoting *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017)).  However, "'[a] motion for voluntary dismissal *with* prejudice is generally subject to far less scrutiny' and should be denied only where 'voluntary dismissal will be unduly prejudicial to the defendants.'"  *Bright Kids NYC Inc. v. Kelly*, No. 19-cv-01175 (JMF), 2021 WL 3931876, at *1 (S.D.N.Y. Sept. 2, 2021) (quoting *Farmer v. Indyke*, No. 19-cv-10475 (LGS), 2021 WL 516865, at *2 (S.D.N.Y. Feb. 10, 2021)).

When a lawsuit is voluntarily dismissed *with* prejudice, courts "almost never . . . award[]" attorneys' fees absent "independent statutory authority for such an award . . . ."  *Id.* at *1 (quoting *Colombrito v. Kelly*, 764 F.2d 122, 133-34 (2d Cir. 1985)).  On the other hand, "[f]ee awards are often made when a plaintiff dismisses a suit *without prejudice* under Rule 41(a)(2)."  *Colombrito*, 764 F.2d at 133.  This is because "[t]he purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty)

faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Id*.

## DISCUSSION

The Funds have agreed to dismiss this action with prejudice. *See* Pl. Decl. at 3 n.3, 5 n.4, ¶ 40. The relevant factors also weigh in favor of granting the motion to dismiss. When determining prejudice to a defendant from a voluntary dismissal under Rule 41(a)(2), courts consider the following factors: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; [5] and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990); *see Rudersdal v. Harris*, No. 19-cv-01762 (GHW) (RWL), 2023 U.S. Dist. LEXIS 94530, at *2 (S.D.N.Y. May 31, 2023).

Plaintiff filed the motion to dismiss only two months after filing the Complaint, and promptly after Defendant filed its Answer, which provided information leading to Plaintiffs' decision to dismiss. The first factor therefore weighs in favor of dismissal. *See, e.g.*, *RQ Innovations, Inc. v. Carson Optical, Inc.*, No. 19-cv-03886 (RPK) (RER), 2021 WL 1075185, at *3 (E.D.N.Y. Feb. 4, 2021) ("The more appropriate measure of diligence is whether a plaintiff moved to dismiss the complaint without prejudice within a reasonable period after an event that led to its decision not to pursue the action"), *report and recommendation adopted*, No. 19-cv-03886 (RPK) (RER), 2021 WL 1062419 (E.D.N.Y. Mar. 18, 2021). The second factor – undue vexatiousness – similarly weighs in favor of dismissal. "In determining if a plaintiff is vexatious, courts consider whether a plaintiff brought an action 'to harass the defendant' or if the plaintiff has 'ill-motive.'" *Stinson v. City Univ. of New York*, No. 18-cv-05963 (RA), 2020 WL

4

2133368, at *3 (S.D.N.Y. May 4, 2020) (quoting *Marquez v. Hoffman*, No. 18-cv-07315 (ALC), 2020 WL 729664, at *3 (S.D.N.Y. Feb. 13, 2020)).  There is nothing here to suggest any ill motive, nor has Defendant pointed to anything.  The third factor weighs overwhelmingly in favor of dismissal because the parties have not engaged in discovery.  *See, e.g.*, *Doe v. Grindr, LLC*, No. 21-cv-04589 (AMD) (PK), 2022 WL 3139101, at *6 (E.D.N.Y. Aug. 5, 2022) (finding dismissal with prejudice warranted where the "parties ha[d] not engaged in discovery" and "the motion to dismiss ha[d] been the most significant step in the case").  Since a dismissal with prejudice bars potential relitigation, the fourth factor favors dismissal.  The fifth factor also supports dismissal given the Funds' representations regarding this action vis-a-vis the withdrawal assessment.

As for Defendant's request for fees and costs, such an award is not warranted given that Plaintiffs have agreed to dismiss the action with prejudice, the *Zagano* factors weigh in favor of dismissal, and there is no independent statutory basis for a fee award.  *See Colombrito*, 764 F.2d at 133-34 ("[W]hen a lawsuit is voluntarily dismissed *with prejudice* under [Rule] 41(a)(2), attorney's fees have almost never been awarded."); *VIDIVIXI, LLC v. Grattan*, No. 15-cv-07364 (JGK), 2016 WL 4367972, at *5 (S.D.N.Y. Aug. 13, 2016) (declining to award attorneys' fees under Rule 41(a)(2) because dismissal was with prejudice).  This case is in its nascent stage and Plaintiffs moved promptly to dismiss.  The Court is not convinced that the action was frivolous.  It bears noting as well that the full fees requested by Defendant are unreasonable given that almost a quarter of the fees sought were incurred before the present Complaint was even filed.  *See* ECF No. 19-7 at 2 (billing records reflecting $4,950 for fees invoiced on January 3, 2023).

To be clear, the Court is dismissing with prejudice Plaintiffs' claims: (i) to recover unpaid contributions under 29 U.S.C. § 1145 for work performed from March 29, 2020 through

June 30, 2022 in the principal amount of $1,106,899.95 plus the related interest, attorneys' fees, and audit fees, *see* Compl. ¶¶ 27-32; and (ii) for a violation of the collective bargaining agreement between the parties under 29 U.S.C. § 185, seeking the same damages as under (i) for failure to make the aforementioned contributions, *see* Compl. ¶¶ 33-36.  Such a dismissal of claims to recoup alleged unpaid contributions does not prevent Plaintiffs from later pursuing a withdrawal liability assessment against Mensch, as that potential claim was not brought in the present case.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to voluntarily dismiss this action with prejudice is GRANTED, and the Court dismisses the action with prejudice pursuant to Rule 41(a)(2) and without fees or costs to Defendant.  The Clerk of Court is respectfully directed to terminate all pending motions and CLOSE the case.

Dated: September 13, 2023
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge